# UNITED STATES DISTRICT COURT

**FILED**

MAR 1 0 2011

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

### DISTRICT OF MONTANA, HELENA DIVISION

| | |
|---|---|
| In the Matter of the Seizure of Funds up to $463,749.04 in Mountain West Bank, NA Account No. 210016051 in the name of Joshua L. Schultz, d/b/a Natural Medicine of Great Falls. | Cause No. ___mJ-11-1-H-JCL___<br><br>**APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT** |

I, Jeffrey Obie, being duly sworn depose and say:

I am an Internal Revenue Service, Criminal Investigator and have reason to believe that funds up to $463,749.04 are moneys or other things of value subject to forfeiture under 21 U.S.C. § 881(a)(6) and (b), as furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 841, and are proceeds traceable to such an exchange, and are moneys used or intended to be used to facilitate any violation of 21 U.S.C. § 841, or a conspiracy to violate § 841 under 21 U.S.C. § 846, which funds are in the following account: Mountain West Bank, NA, Account No. 210016051 held in the name of Joshua L. Schultz, d/b/a Natural Medicine of Great

Page 1

Falls. The bank account is found in Helena in the District of Montana, which is subject to the jurisdiction of this Seizure Warrant issued by the District of Montana under 18 U.S.C. § 981(b)(3) and 28 U.S.C. § 1355(b)(1)(A) concerning a violation of 21 U.S.C. §§ 841 and 846. All funds up to $463,749.04 in said bank account are subject to seizure and forfeiture under 21 U.S.C. § 881(a)(6) and 881(b) which incorporates the seizure provisions set forth in 18 U.S.C. § 981(b).

The facts to support a finding of probable cause for issuance of a Seizure Warrant are set forth in detail in the Affidavit attached hereto and incorporated herein.

**Continued on the attached sheet and made a part hereof.    X Yes    __ No**

Jeffrey Obie
Special Agent
Internal Revenue Service
Criminal Investigator

**Sworn to before me, and subscribed in my presence.**

_March 10, 2011_          at          _Missoula , MT_
_____             _____
Date                                           City and State

_____             _____
Jeremiah C. Lynch                            Signature of Judicial Officer
United States Magistrate Judge

Page 3

## AFFIDAVIT

I, Jeffrey Obie, having been first duly sworn, depose and say:

1. I am a Special Agent for the United States Treasury Department, Internal Revenue Service, Criminal Investigation Division, Denver Field Office, Billings, Montana post of duty. I have been so employed in that capacity since July 2001. I have successfully completed the 27- week training at the Federal Law Enforcement Training Center to become a Special Agent. At the training center I received extensive training in financial investigative techniques. Through my training and experience, I am familiar with methods and practices used by individuals and organizations involved in crimes that generate large amounts of income. I am involved in investigating white collar crime matters such as tax fraud, mail fraud, wire fraud, money laundering and have expertise in following the proceeds related to the investigation of other crimes including drug violations.

My experience additionally includes a Bachelor of Science Degree in Business Administration with an emphasis in Accounting from Montana State University- Billings.

Page 1

2.  I have been involved in an investigation with several law enforcement agencies investigating drug trafficking violations.  In connection with the investigation, I have spoken extensively with the United States Drug Enforcement Administration Special Agent Wesley K. Smith, reviewed investigative documents, and am aware of information obtained from the Montana Division of Criminal Investigation (MDCI) agents and other local law enforcement officers regarding the marijuana distribution of Jason Burns, Joshua Schultz, and Jesse Leland.  Information for this investigation has been collected through interviews, hand-to-hand marijuana buys, MDCI investigation and review of financial records obtained related to the above-referenced individuals and their associated businesses.  The investigation shows that these previously listed individuals are currently distributing large quantities of marijuana every week and that proceeds traceable to marijuana distribution are deposited into the Mountain West Bank N.A. Account No. 210016051 in the name of Joshua L. Schultz, dba Natural Medicine of Great Falls.

Page 2

## PROPERTY TO BE SEIZED

3.  This affidavit is made in support of an application for a seizure warrant for the following property:

All funds up to $463,749.04 in Mountain West Bank, N.A. Account No. 210016051 in the name of Joshua L. Schultz dba Natural Medicine of Great Falls.

4.  As set forth below, there is probable cause to believe that the subject funds constitute or were derived from proceeds traceable to violations, or were used or intended to be used to facilitate violations, of 21 U.S.C. §§ 841 and 846.  As such, the subject funds are forfeitable pursuant to 21 U.S.C. § 881(a)(6) and subject to seizure under 21 U.S.C. § 881(b) and 18 U.S.C. § 981(b).

## PROBABLE CAUSE

5.  On July 8, 2010, members of Helena area local law enforcement served a state search warrant at 3330 Westhaven Road, Helena, Montana for the cultivation of marijuana and distribution of marijuana. When local law enforcement officers approached the residence and greenhouse located at 3330 Westhaven Road, Helena, Montana they

Page 3

identified Richard Baron working, maintaining, and residing at the residence. Marijuana was growing in the greenhouse and throughout the house located at 3330 Westhaven Road, nearly every room inside the house had marijuana plants in various sizes. Baron informed local law enforcement officers that Jason Burns was the person in charge of the marijuana grow operation, and Burns' telephone was posted inside the residence. While law enforcement waited for Burns to arrive at the marijuana grow they identified another person involved in the marijuana organization, Joshua Schultz. Schultz's telephone number was also posted inside the house.

6. When Jason Burns arrived at 3330 Westhaven Road to speak with law enforcement officers, he brought a second person with him, Jesse Leland. Burns explained to the officers, that he and Leland were partners in the marijuana grow and marijuana distribution operation, and they also subcontracted to grow marijuana for Joshua Schultz. The law enforcement officers observed more than 750 marijuana plants being grown at 3330 Westhaven Road, Helena, Montana. Joshua Schultz arrived at 3330 Westhaven Road after Burns and Leland. He

provided information to law enforcement officers about his marijuana operation in Great Falls, Montana.

7.  DEA Agent Smith learned through interviews that Jesse Leland owns and operates a marijuana distribution location called Queen City Caregivers located at 1236 Birch Street, Helena, Montana. This address is shared with a second business which sells marijuana pipes and other items under the business name of Puff and Stuff.  DEA Agent Smith has been informed by law enforcement officers that the two businesses are co-located at this address.  Queen City distributes marijuana that they purchase from other marijuana grow locations, this is referred to as "outsourcing."  Once they purchase the marijuana from a source of supply, Burns and Leland then package and sell the marijuana under their business name, Queen City Caregivers.  DEA Agent Smith believes Leland and Burns grow some of the marijuana that they are selling, and they also purchase marijuana from other locations in and outside the State of Montana.

8.  Queen City Caregivers Health Care L.L.C. is registered with the Montana Secretary of State as an LLC managed by its members.  Its

principal office address is listed as street: "ASDAASD", city: "ADASD".

The registered agent is Jason Burns with an address of 6445 Big Belt

Drive, Helena, Montana.  In the categories where the name and address

for the LLC manager or member is to be set forth, the reporting to the

Secretary of State for the two member positions is as follows: Name

"FGSDFSDG SDFGSDG" and "DFASFS FASFSD" respectively, and the

addresses similarly provide as follows respectively:  "SDFGSDDS

SGDG" and "SDAFS FSFAF."  The Purpose Code provides "None

stated."

    9.  DEA Agent Smith reports that a drug enforcement

investigation involving Leland and other others took place in early 2009.

On February 5, 2009, Jesse Leland sold one pound of marijuana to an

undercover DEA agent in Missoula, Montana, and also informed the

undercover DEA agent he had different quality marijuana for sale

depending on the time of year and the amount the undercover DEA

agent wanted to purchase.

    10.  The investigation has found a report filed by Nevada Highway

Patrol (NHP) that Jesse Leland and Jason Burns were stopped on

September 8, 2010 in Nevada.  During this routine traffic stop, the NHP

Trooper detected a strong odor of marijuana emitting from the vehicle

as he approached the passenger side of the vehicle.  The driver was

identified as Jesse Leland and the passenger as Jason Burns.  NHP

requested to search the car and Leland replied "no."  NHP obtained a

search warrant and revealed a large amount of U.S. currency in several

separate bundles.  The official count of the bundles of money seized by

NHP was $23,500.00.  Burns later contacted NHP and explained he had

receipts to prove the $23,500.00 belonged to him but never filed a

written claim and the currency was forfeited.

11. Also a report was filed by Helena Police Officer, Nathan

Casey, on September 22, 2010.  In his report, Officer Casey visited the

1236 Birch Street, Helena, Montana address where Queen City

dispenses marijuana.  Officer Casey recalled the sign in front of the

address was "J & J Puff and Stuff."  The owner of Puff and Stuff, Amy

Azure, stated she did not sell marijuana, but only sold marijuana pipes

and accessories.  Azure advised Officer Casey that her brother, Jesse

Leland, is the owner of Queen City Caregivers and his partner, Jason

Burns, both distribute marijuana from this same address. Azure

explained there is a common door between the two businesses that they

try to keep locked during business hours. Azure stated that her brother

and Burns grow marijuana and transport marijuana to 1236 Birch

Street to sell to their customers. Officer Casey spoke with Leland and

Burns in their portion of the residence. Leland explained they only used

the residence as a convenient location for marijuana transactions so

their customers would not have to drive out to the marijuana grow.

Leland told Officer Casey they did not have a city business license

because Leland felt they did not run a business inside the City limits of

Helena, Montana.

12.  The investigation has shown that Joshua Schultz, who was at

the Burns and Leland location described above when local law

enforcement did its search, owns and operates a marijuana distribution

location called Natural Medicine of Great Falls, located at 1529 Stucky

Road, Great Falls, Montana. Natural Medicine of Great Falls uses the

internet to advertise marijuana sales. Schultz and his marijuana

operation distribute these types of marijuana as represented on the

Page 8

internet:  LA Confidential, Chemo, AFGH Goo, Ron Burgundy, Night

Shade, Raw Diesel, as well as, baked goods, clone marijuana plants,

balms, cannabis capsules, and candies.  These advertisements can be

viewed at http://www. naturalmedicinemt.com.

13.  Natural Medicine of Great Falls is registered with the

Montana Secretary of State as an "individual" business type.  It lists

Joshua L. Schultz, of 823 Expedition Trail, Helena as the "individual."

It provides as the Purpose Code, "Medical Marijuana Caregiver ...."

14.  During the State of Montana search warrant served by local

law enforcement, Schultz informed local officers that he typically

purchased marijuana from a marijuana grow in Belgrade, Montana.

Schultz stated that he wrote checks to "MCM."  DEA Agent Smith

knows MCM as Montana Cannabis Ministry, located at 32 Dollar Street,

Belgrade, Montana, and MCM also grows marijuana at a location called

Happy Acres, 145 Wildhorse Trail, Belgrade, Montana.

15.  My review of bank records for Natural Medicine of Great Falls

(Natural Medicine) shows that Schultz opened an account at Mountain

West Bank, N.A., under Account No. 210016051 on March 29, 2010.

Page 9

Records from that date up to and including January 21, 2011 show that a total of $463,749.04 was deposited. Of that $463,749.04, $259,067.00 were cash deposits. In the experience of DEA Agent Smith cash is often used for the purchase of marijuana. Cash purchases also make it more difficult to verify how much marijuana is being purchased by a person. Payments from the account totaled approximately $452,974.00 with a balance as of January 31, 2011,of $10,775.05.

16. My further analysis of the bank records revealed connections between Natural Medicine/Schultz and a number of other known marijuana growers and/or distributors. Natural Medicine paid the following approximate amounts of money to other identified marijuana organizations based on law enforcement personal visits, internet advertising or Secretary of State filings: $299, 240.00 to Montana Cannabis Ministry, aka MCM; $12,200.00 to Medicine Man LLC; $10,300.00 to Five Friends; $8,700.000 to Queen City Caregivers, plus other marijuana businesses. This approximate total of $331,808.75 was spent by Joshua Schultz for purchasing marijuana products during 2010.

Page 10

17.  In my review of the financial records it can be seen that several large checks have been made out to MCM, aka Montana Cannabis Ministry.  Between July and December 2010, 14 checks in the amount of $10,000 or over from Schultz's Mountain West account were made payable to MCM.  Many other large dollar checks were also made out to MCM to make up the $299,240.  The size of the checks indicates the bulk purchase of marijuana for resale.  Also, although the memo section of the checks is filled out for most business expenses, the memo section is not filled out for the purchases of marijuana for distribution. The checks from Schultz's Mountain West account are deposited in First Security Bank Account No. 031063621, in the name of Montana Cannabis Ministry, Inc.

18.  MCM Caregivers, Inc. is registered with the Montana Secretary of States as a "close corporation."  Its purpose is stated to be "any lawful business."  Rebecca H. Pape is the registered agent with an address of 1184 N. 15th Ave. Ste. 4, P.O. Box 1601, Bozeman, Montana. No address is given for the business itself other than "Bozeman." Regarding Directors it states "without operates."

19.  On February 23, 2011. DEA Agent Smith spoke with an MDCI agent who conducted an interview with Tyler Schiller on February 24, 2010.  Schiller was approached by MDCI, and he was asked to provide information about the marijuana distribution of Sleeping Giant, owned by Paul Schimdt.  Schiller sold marijuana directly to an MDCI agent on several different occasions in 2011.  Schiller explained that Sleeping Giant is a marijuana organization that "outsourced" for its marijuana. Schiller explained that Sleeping Giant does not produce enough marijuana to fulfill its marijuana distribution and Sleeping Giant purchases marijuana from MCM, known to DEA Agent Smith as Montana Cannabis Ministry, 32 Dollar Street, Belgrade, Montana.

20.  On February 25, 2010, a source of information was interviewed about his or her knowledge of a marijuana growing organization in Belgrade, Montana, MCM and Happy Acres.  DEA Agent Smith was advised that Randy Leibenguth and Stephanie Gibson applied for a small business loan on March 25, 2009, under the name of Happy Acres, LLC located at 145 Wildhorse Trail, Bozeman, Montana. Leibenguth and Gibson advised the loan officers that they planned to

Page 12

grow organic produce, and they had numerous businesses in the
Bozeman area ready to purchase their produce. The appraiser/inspector
for the real property related to the loan identified a large marijuana
grow operation at 145 Wildhorse Trail, Bozeman. The appraiser wrote
"He [referring to Leibenguth] has one large scale ganja production going
on out there." DEA agent Smith reports that "ganja" is a slang term for
marijuana. This loan was not approved.

21. My review of financial records has shown that on February 2,
2010, Randy Leibenguth opened a business checking account, number
031063621, in the name of The Montana Cannabis Ministry, Inc. at first
Security Bank in Belgrade, Montana. From the account opening date to
February 6, 2011, a total of $1,661,165.51 was deposited into the
account. Through a review of the deposit items I was able to identify
that the majority of the funds was from two major caregivers buying
marijuana apparently in bulk: Natural Medicine of Great Falls
(purchasing $319,579 worth of product) and Sleeping Giant Caregivers
(purchasing $732,242.50 worth of product). The remaining funds came
from what appears to be patient purchases. Also from February 2010 to

February 2011, cash withdrawals in the amount of $265,450 were made.
The withdrawals were made via check in the amounts of $10,000 or
higher.  Often the memo line of the check would read "for meds" or
similar language.  An additional $93,600 was paid to Randy Leibenguth
via check and internet transfers to account number 020031712 at First
Security Bank which account is held in the name of Randy M.
Leibenguth or Stephanie M. Leibenguth.

     22.  On January 13, 2003, Randy Leibenguth opened a personal
checking account under number 020031712 with First Security Bank in
Bozeman, Montana. On December 20, 2006, Leibenguth added signatory
authority on the account for Stephanie Gibson.  The account was again
updated on October 27, 2009 to reflect a name change of Stephanie
Gibson to Stephanie Leibenguth.  Bank records for the account were
reviewed from July 14, 2009 through February 2011.  during that time a
total of $124,093.16 was deposited into the account, of that amount
$103,413.05 can be traced to Leibenguth's marijuana operations
($2,813.05 from Happy Acres of Bozeman LLC, $5,500.00 from THC
Ministry of Montana (the original name of Montana Cannabis Ministry),

$9,200.00 via checks written to Randy Leibenguth from the Montana Cannabis Ministry Inc. account and $85,900.00 via online banking transfers from the Montana Cannabis Ministry Inc. account.

23. On July 7, 2010, I viewed the 145 Wildhorse Trail residence/business, and observed a marijuana plant pulled out in front of the garage. Also the structure on the property is large and warehouse like.

24. I have found that Happy Acres of Bozeman, LLC is registered with the Montana Secretary of State as an LLC managed by managers. Its principal office address is listed as 313 Crest Drive, Bozeman; its registered agent is Randy Leibenguth, address 313 Crest Drive, Bozeman. Leibenguth is the signatory on the MCM First Security Bank account in which checks from Joshua Schultz in large dollar amounts were deposited. Randy Leibenguth is also set forth as the Happy Acres LLC manager or member.

25. The investigation has shown that Natural Medicine only buys and sells marijuana and marijuana products. There is probable cause from the review of the financial records and investigative information

Page 15

that all funds in the Mountain West Bank Account No. 210016051 up to

$463,749.04 are proceeds traceable to marijuana sales or distribution or

monies intended to be used to facilitate violations of 21 U.S.C. §§ 841

and 846. Marijuana is a controlled substance.

26. Montana Cannabis Ministry Inc., also appears to owe virtually

its entire business to buying and selling marijuana and marijuana

products. There is probable cause from the review of the financial

records and investigative information that all funds in the First

Security Bank Account No. 031063621 up to $1,661,165.51 are proceeds

traceable to marijuana sales or distribution or monies intended to be

used to facilitate violations of 21 U.S.C. §§ 841 and 846. Likewise,

funds in the First Security Bank Account No. 020031712 up to

$103,413.05 are proceeds traceable to marijuana proceeds or

distribution or monies intended to facilitate violations of 21 U.S.C.

§§ 841 and 846.

## LEGAL BASIS FOR FORFEITURE

27. Title 21 U.S.C. § 841(a)(1) makes it unlawful for any person

knowingly or intentionally to manufacture, distribute, or dispense, or

possess with intent to manufacture, distribute, or dispense, a controlled substance. Title 21 U.S.C. § 846 makes it unlawful for any person to attempt or conspire to commit any offense defined in the subchapter which includes violations of § 841. Title 21 U.S.C. § 881(a)(6) provides that all moneys, negotiable instruments, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or used or intended to be used to facilitate any violation of the subchapter which includes §§ 841 and 846 shall be subject to forfeiture. Section 21 U.S.C. § 881(b) provides that any property subject to forfeiture to the United States under § 881(a), may be seized by the attorney general in the manner set forth in 18 U.S.C. § 981(b).

## CONCLUSION

28. Based on the above facts and circumstances, there is probable cause to believe that funds currently on deposit up to $463,749.04 in Mountain West Bank, NA Account No. 210016051 held in the name of Joshua L. Schultz, dba Natural Medicine of Great Falls are derived from proceeds traceable to violations of 21 U.S.C. §§ 841 and 846 (drug

distribution). As such the subject funds are forfeitable pursuant to 21
U.S.C. § 881(a)(6). Therefore, I request that the Court issue a Seizure
Warrant for the subject funds pursuant to 21 U.S.C. § 881(b) and 18
U.S.C. § 981(b) which is incorporated therein. Jurisdiction exists in the
District of Montana to issue this warrant because the property subject
to the forfeiture is in this district, and acts or omissions giving rise to
the forfeiture occurred in this district. 18 U.S.C. § 981(b)(3) and 28
U.S.C. § 1355(b)(1)(A).

Jeffrey Obie
Special Agent
Internal Revenue Service
Criminal Investigation Division

SUBSCRIBED AND SWORN TO BEFORE ME this ____ day of
March, 2011.

Jeremiah C. Lynch
United States Magistrate Judge

Page 18